**JF**

## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ARI SOLOW AND MITCHELL SOLOW** | : | |
| **Plaintiffs,** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO. 10-** |
| | : | |
| **STEWART J. BERGER, P.C.;** | : | |
| **JAY B. OPPENHEIM, ESQUIRE;** | | **10    2950** |
| **STEWART J. BERGER, ESQUIRE;** | | |
| **LYNNE BRESLOW;** | | |
| **and** | | |
| **BARBARA SANDEROW** | : | **FILED** |
| | : | **JUN 18 2010** |
| **Defendants** | : | |

**COMPLAINT**

MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

Plaintiffs, Ari Solow and Mitchell Solow ("Plaintiffs"), by and through their attorneys,

Fox Rothschild LLP, hereby file this Complaint against Defendants, Stewart J. Berger, P.C.,

Jay B. Oppenheim, Esquire, Stewart J. Berger, Esquire, Lynne Breslow, and Barbara Sanderow.

In support thereof, the Plaintiffs aver as follows:

## PARTIES

1.     Plaintiff, Ari Solow is an adult individual residing at 23094 Fontwell Square,

Sterling, VA  20166.

2.     Plaintiff, Mitchell Solow is an adult individual residing at 65 Canyon View

Circle, Telluride, CO  81435.

3.     Defendant, Stewart J. Berger, P.C. is a duly constituted professional corporation,

having a law office at 7207 Rising Sun Avenue, Philadelphia, PA 19111.

1

4.  At times relevant to this matter, Stewart J. Berger, P.C. acted through its agents, servants, and employees, including, but not limited to, Jay B. Oppenheim, Esquire, Stewart J. Berger, Esquire, and Lynne Breslow.

5.  Defendant, Jay B. Oppenheim, Esquire ("Attorney Oppenheim") is an adult individual with a business address of 7207 Rising Sun Avenue, Philadelphia, PA 19111.

6.  At times relevant to this matter, Attorney Oppenheim was a partner, principal, agent, servant, and employee of Stewart J. Berger, P.C.

7.  Defendant, Stewart J. Berger, Esquire ("Attorney Berger") is an adult individual with a business address of 7207 Rising Sun Avenue, Philadelphia, PA 19111.

8.  At times relevant to this matter, Attorney Berger was a partner, principal, agent, servant, and employee of Stewart J. Berger, P.C.

9.  Defendant, Lynne Breslow ("Breslow") is an adult individual residing at 412 Fern Road, Villas, NJ 08251.

10.  At times relevant to this matter, Breslow was an agent, servant, and employee of Stewart J. Berger, P.C.

11.  Defendant, Barbara Sanderow ("Sanderow") is an adult individual residing at 4337 Oaks Shadow Drive, New Albany, OH 43054.

12.  Sanderow is the Mother of beneficiaries Meredith and Lewis Sanderow, and claimed to have found the Will which was purportedly created for the late Beatrice Sanderow ("the Decedent") in 1996.

## JURISDICTION AND VENUE

13.  This Court has jurisdiction over this dispute pursuant to 28 U.S.C. § 1332 as there is diversity of citizenship among the Plaintiffs, Stewart J. Berger, P.C., Attorney Oppenheim,

2

Attorney Berger, Breslow and Sanderow and the amount in controversy, excluding interest and costs, exceeds $75,000.00.

14.     This Court is the proper venue for this matter because the transaction out of which this cause of action arose occurred in the Eastern District of Pennsylvania, and Stewart J. Berger, P.C., Attorney Oppenheim, and Attorney Berger conduct business in the Eastern District of Pennsylvania.

## FACTUAL BACKGROUND COMMON TO ALL COUNTS

15.     This is an action for fraud and other torts against attorneys and other persons that have, under the guise of legal representation of the Decedent, acted to further the interests of Barbara Sanderow and other persons, and engaged in acts of legal malpractice, fraud, misrepresentation, conspiracy, and tortious interference with inheritance.

16.     Here, the Defendants assisted Barbara Sanderow in defrauding and tortiously depriving the Plaintiffs out of their rightful interest in the Estate of Beatrice Sanderow.

### The 1994 Will

17.     On or about March 7, 1994, the Decedent executed a self-proving Last Will and Testament (the "1994 Will"). *A true and correct copy of the 1994 Will is attached hereto as Exhibit A.*

18.     The 1994 Will bequeathed the Decedent's residual estate to her spouse, Leonard Sanderow, and, if he were to predecease her, in equal shares to her nieces, Barbara Weintraub and Sandra Sadow, and all of her four step-grandchildren: Meredith Sanderow, Lewis Sanderow, Ari Solow and Mitchell Solow.

19.     If Leonard Sanderow predeceased the Decedent, her step-son, Howard Sanderow, was to be the executor of the Estate.

3

20.     Leonard Sanderow passed away on or around July 6, 1994.

### Living Will and Powers of Attorney

21.     On or about October 28, 1996, the Decedent executed a Living Will prepared by Attorney Berger of Stewart J. Berger, P.C. *A true and correct copy of the Living Will is attached hereto as Exhibit B.*

22.     On or about October 28, 1996, the Decedent executed a Power of Attorney prepared by Attorney Berger of Stewart J. Berger, P.C. *A true and correct copy of the October 28, 1996 Power of Attorney is attached as Exhibit C.*

23.     The October 28, 1996 Power of Attorney was notarized by Lynne Breslow of Stewart J. Berger, P.C. and logged in her personal notary records. *A true and correct copy of a sheet from Lynne Breslow's notary records is attached as Exhibit D.*

24.     On or about November 22, 1996, the Decedent executed another Power of Attorney prepared by Attorney Berger of Stewart J. Berger, P.C. *A true and correct copy of the November 22, 1996 Power of Attorney is attached as Exhibit E.*

### Discovery of the 1996 Will

25.     In or around October 2007, the Plaintiffs were informed by Barbara Sanderow, the mother of Meredith and Lewis Sanderow, that a Will purportedly created for the Decedent in 1996 had been found in the Decedent's safe deposit box (the "1996 Will").

26.     The Plaintiffs did not receive information regarding the contents of the 1996 Will until November 2007.

27.     The 1996 Will provided that the Decedent's residual estate was to be divided equally among four (4) beneficiaries: Sandra Sadow, Barbara Weintraub, Meredith Sanderow and Lewis Sanderow.

28.    Thus, the effect of the 1996 Will was to disinherit the Plaintiffs.

29.    On or about November 18, 2007, the Plaintiffs' mother, Sheryl Solow, approached the Decedent about the contents of the 1996 Will.

30.    At that time, the Decedent executed a writing prepared by Sheryl Solow and dated November 18, 2007 (the "2007 Writing") which recited the Decedent's statements that: "I don't want nothing cruel for the boys. I don't want them to end up with nothing. I love them just as well as I love the others. I believe they all should have the same." *A true and correct copy of the 2007 Writing is attached hereto as Exhibit F.*

31.    On or around November 19, 2007, Plaintiffs received a copy of the 1996 Will which was marked "client's copy" and consisted of three typewritten pages and was unsigned and undated. *A true and correct copy of the blank 1996 Will is attached hereto as Exhibit G.*

32.    After reviewing the blank 1996 Will, Plaintiffs determined that the address listed in the subscribing witness lines was that of the law firm, Stewart J. Berger, P.C.

33.    Plaintiff, Ari Solow then contacted Stewart J. Berger, P.C. and made an appointment to discuss the Decedent's 1996 Will.

34.    On or about November 23, 2007, Ari Solow and his mother, Sheryl Solow, visited Stewart J. Berger, P.C. and spoke with Attorney Berger and Attorney Oppenheim.

35.    During this meeting, neither Attorney Berger nor Attorney Oppenheim had any recollection of the Decedent or of drafting or witnessing the 1996 Will.

### Probate of the 1996 Will

36.    The Decedent died on December 19, 2007.

37.    Sandra Sadow, Executrix named by the 1996 Will, submitted an Application for Probate to the Atlantic County Surrogate on December 31, 2007, seeking to probate an executed

and witnessed version of the 1996 Will. *True and correct copies of the 1996 Will that was submitted for Probate, as well as the Application for Probate, are attached hereto as Exhibit H.*

38.   The 1996 Will offered for Probate consisted of three typewritten pages, contained the purported signatures of the Decedent on all three pages, and contained the purported signatures of two subscribing witnesses, Breslow and Attorney Oppenheim on page three.

39.   None of the signatures on the 1996 Will offered for Probate were acknowledged by a Notary Public and the purported Will was not self-proving.

40.   Breslow's notary logs show that other Stewart J. Berger, P.C. Wills prepared by Attorneys Oppenheim and Berger were notarized around October 28, 1996. See *Exhibit D.*

41.   Stewart J. Berger, P.C., Attorney Oppenheim and Attorney Berger do not have any records of the 1996 Will being signed or witnessed on October 28, 1996.

42.   On January 8, 2008, Atlantic County Surrogate James A. Carney issued a Commission to Beverly Giacinto, Notary Public to take the deposition of Attorney Oppenheim as a subscribing witnesses to the 1996 Will. *A true and representative copy of the letter along with a handwritten note from Stewart J. Berger, P.C., the Commission and a copy of the 1996 Will is attached hereto as Exhibit I.*

43.   As stated earlier, purported subscribing witness Attorney Oppenheim had no recollection of the Decedent or of being a witness to the Decedent's execution of the 1996 Will when he was visited by Ari and Sheryl Solow on November 23, 2007.

44.   Yet less than two months later, on or about January 9, 2008, Attorney Oppenheim executed a Deposition of Subscribing Witness swearing that the Decedent executed the 1996 Will in his presence and that he thereafter subscribed his name as witness. *A true and*

representative copy of the letter from Stewart J. Berger, P.C. and Deposition of Subscribing Witness is attached hereto as Exhibit J.

45.    On or about January 11, 2008, Atlantic County Surrogate James A. Carney received Attorney Oppenheim's executed Deposition of Subscribing Witness. *A true and representative copy of the Deposition of Subscribing Witness is attached hereto as Exhibit K.*

46.    On January 11, 2008, Atlantic County Surrogate James A. Carney issued a Judgment Admitting the 1996 Will to Probate and issued Letters Testamentary to Sandra Sadow. *True and representative copies of the Judgment Admitting Will to Probate and Letters Testamentary are attached hereto as Exhibit L.*

47.    The Probated 1996 Will bequeathed and devised the Decedent's Estate in equal shares to her nieces, Sandra Sadow and Barbara Weintraub, and to two of her step-grandchildren, Meredith Sanderow and Lewis Sanderow.

48.    The Probated 1996 Will did not leave any of the Decedent's Estate to her other two step-grandchildren, the Plaintiffs, Ari and Mitchell Solow.

## Circumstances Surrounding the Execution and Witnessing of The 1996 Will

49.    On or around June 5, 2008, Plaintiffs Ari and Mitchell Solow participated in a telephone conference call with, and at the request of, Lewis Sanderow, Meredith Sanderow and James Grosser, Meredith's spouse.

50.    During the June 5, 2008 conference call, James Grosser indicated that the subscribing witness lines on the 1996 Will had been blank when the Will was found in the Decedent's safe-deposit box and that "the defect was cured" before submission to the Court.

51.     Upon learning from James Grosser that the 1996 Will had not been executed by the purported subscribing witnesses contemporaneously with its execution by the Decedent, the Plaintiffs became concerned about the circumstances surrounding the execution and witnessing of the 1996 Will and the subsequent submission of the document to the Atlantic County Surrogate for Probate.

52.     Thus, Plaintiffs promptly proceeded to investigate the circumstances surrounding the execution and witnessing of the 1996 Will.

53.     A Forensic Document Examiner, Katherine Mainolfi Koppenhaver, CDE, examined a copy of the probated 1996 Will received from the Atlantic County Surrogate, compared its three purported signatures of the Decedent to multiple known signatures of the Decedent, ranging from 1994 to 1998, and concluded that the signatures attributed to the Decedent on the 1996 Will are not genuine. *True and representative copies of the June 26, 2008 and July 3, 2008 Reports and Curriculum Vitae of Katherine Mainolfi Koppenhaver, CDE are attached hereto as Exhibits M and N, respectively.*

54.     Upon receipt of the Forensic Document Examiner report dated June 26, 2008, the Plaintiffs learned for the first time that the signatures attributed to the Decedent on the 1996 Will are forgeries.

55.     Despite the exercise of due diligence, Plaintiffs could not reasonably have discovered that the signatures attributed to the Decedent on the 1996 Will are forgeries until receipt of the Forensic Document Examiner report dated June 26, 2008.

56.     Additionally, the fact that the signatures attributed to the Decedent on the 1996 Will are forgeries was fraudulently concealed from Plaintiffs until receipt of the Forensic Document Examiner report dated June 26, 2008.

8

57.     Attorney Oppenheim's execution of a Deposition of Subscribing Witness swearing that the Decedent executed the 1996 Will in his presence and that he thereafter subscribed his name as witness was an affirmative and independent act of fraudulent concealment that diverted and misled Plaintiffs from discovering the forgery. *See Exhibit J.*

58.     In addition, Handwriting & Document Analyst, E.J. Kelly, examined a copy of the probated 1996 Will, compared its three purported signatures of the Decedent to multiple known signatures of the Decedent and concluded that the signatures attributed to the Decedent on the 1996 Will are not genuine. *A true and representative copy of the July 7, 2008 Report and Curriculum Vitae of E.J. Kelly is attached hereto as Exhibit O.*

### Estate Litigation

59.     On or about July 10, 2008, Plaintiffs commenced a civil action in the Superior Court of New Jersey, Chancery Division, Probate Part, Atlantic County (the "Estate Litigation"). *A true and correct copy of the Verified Complaint is attached hereto as Exhibit P.*

60.     In the Estate Litigation, Plaintiffs sought, *inter alia*, a declaration that the 1996 Will was null and void and admission of the 1994 Will to Probate. *See Exhibit P.*

61.     During the course of the Estate Litigation, Attorney Berger and Attorney Oppenheim were deposed and continued to maintain that neither attorney had any recollection of the Decedent.

62.     Nevertheless, Attorney Berger and Attorney Oppenheim claim that the 1996 Will was prepared and witnessed by them and other Stewart J. Berger, P.C. employees.

63.     However, this is not possible since the purported signatures of the Decedent which appear on the 1996 Will are not those of Beatrice Sanderow.

64.     Similarly, another witness on the copy of the 1996 Will submitted for probate, Lynne Breslow, was also deposed and admitted that she has no recollection of the Decedent or of having witnessed the 1996 Will.

65.     Lynne Breslow testified that she retired from Stewart J. Berger, P.C. in July 2002.

66.     Therefore, Breslow was no longer employed with Stewart J. Berger, P.C. when the 1996 Will was allegedly found in the Decedent's safe deposit box in or around October 2007.

67.     During the course of the Estate Litigation, Forensic Document Examiner, Katherine Mainolfi Koppenhaver, CDE, examined additional documents, including the original 1996 Will, and produced supplemental reports which confirmed her conclusion that the signatures attributed to the Decedent on the 1996 Will are not genuine. *True and representative copies of the Reports and Curriculum Vitae of Katherine Mainolfi Koppenhaver, CDE dated September 24, 2008 and October 1, 2008 are attached hereto as Exhibits Q and R, respectively.*

68.     During the Estate Litigation, Attorney Berger testified that Stewart J. Berger, P.C. did not request identification for persons executing wills which were not notarized.

69.     Following conclusion of the Estate Litigation, Forensic Document Examiner, Katherine Mainolfi Koppenhaver, CDE, examined additional documents, and produced reports which conclude that the signature attributed to Lynne Breslow on the 1996 Will is not genuine. *True and representative copies of the Reports of Katherine Mainolfi Koppenhaver, CDE dated April 19, 2010 and May 21, 2010 are attached hereto as Exhibits S and T.*

### Actual Damages

70.     During the course of discovery in the Estate Litigation, tax documents produced showed that each of the four beneficiaries named in the 1996 Will stood to gain at least $355,000.00. *A true and correct copy of these documents are attached hereto as Exhibit U.*

71.     On or about May 28, 2009, the Plaintiffs resolved the Estate Litigation for a sum of $240,000.00.

72.     In addition, the Plaintiffs received $80,000.00 as a partial reimbursement of costs and counsel fees incurred in the Estate Litigation.

73.     But for Defendants' acts and omissions, Plaintiffs would not have had to expend costs and counsel fees in the Estate Litigation.

74.     The Plaintiffs, had they not been deprived of their beneficial status under the 1994 Will by Defendants' acts and omissions, would have recovered approximately $237,000.00 each.

75.     Accordingly, Plaintiffs have been deprived of approximately $117,000.00 each, or $234,000.00 total.

76.     Resolution of the Estate Litigation did not in any way release Defendants, Stewart J. Berger, P.C., Jay B. Oppenheim, Esquire, Stewart J. Berger, Esquire and Barbara Sanderow from exposure in this matter.

## COUNT ONE
### (Legal Malpractice – Negligence as Third Party Beneficiaries)

77.     Plaintiffs repeat and reallege the allegations contained in ¶¶ 1 through 76 of the Complaint as if set forth at length herein.

78.     At all relevant times hereunder, Attorney Berger and Attorney Oppenheim acted within the scope of their employment and/or agency at Stewart J. Berger, P.C.

79.     Stewart J. Berger, P.C., Attorney Oppenheim and Attorney Berger were retained as counsel for the Decedent and, in consideration of such retention, Stewart J. Berger, P.C., Attorney Oppenheim and Attorney Berger were required to represent the Decedent in a proper, skillful and diligent manner as attorneys.

11

80.     Defendants owed the Decedent a duty of care pursuant to which they were obligated to properly represent her interests commensurate with the skills possessed by an attorney-at-law of the State of Pennsylvania.

81.     The 1994 Will manifests the true and correct expression of the Decedent's intent.

82.     Plaintiffs were intended beneficiaries of the 1994 Will. *See Exhibit A.*

83.     Recognition of the Plaintiffs' third party beneficiary status and rights as beneficiaries is appropriate to effectuate the intentions of the Decedent.

84.     Recognition of the Plaintiffs' third party beneficiary status and rights as donee beneficiaries satisfies an obligation of the Decedent to make the intended and promised distribution of the Estate to Plaintiffs.

85.     Defendants, Stewart J. Berger, P.C., Attorney Oppenheim and Attorney Berger deviated from the standard of care required of them and were otherwise negligent by reason of, *inter alia*, their:

   (a)    Failure to require identification of purported witnesses to the 1996 Will;

   (b)    Failure to investigate whether the signatures on the 1996 Will were authentic;

   (c)    Failure to notarize the purported 1996 Will;

   (d)    Witnessing a forged Will;

   (e)    Failure to follow their normal practice of notarizing a purported Will which disinherits beneficiaries of a previous Will;

   (f)    Negligent participation in a scheme that disinherited the Plaintiffs;

   (g)    Execution of a Deposition of Subscribing Witness swearing that the Decedent executed the 1996 Will in their presence and that they thereafter

subscribed their names as witnesses despite having no recollection of the

Decedent or of being a witness to the Decedent's execution of the Will;

(h)   Execution of a Deposition of Subscribing Witness for a forged Will; and

(i)   Failure to keep proper records of executed Wills.

86.   As a direct and proximate result of the foregoing negligence, the Defendants prevented probate and distribution under the intended Will.

87.   As a direct and proximate result of the foregoing, Plaintiffs, as intended third party beneficiaries, sustained damages that are preliminarily estimated to be $234,000.00.

88.   As a result of the malpractice of Stewart J. Berger, P.C., Attorney Oppenheim, Esquire and Attorney Berger Plaintiffs were forced into litigation with the Estate of Beatrice Sanderow and others, thereby incurring further damages.

89.   Because the Defendants' conduct was malicious, outrageous, and in reckless disregard for the Plaintiffs' rights, Defendants are liable for punitive damages.

WHEREFORE, Plaintiffs, Ari Solow and Mitchell Solow, respectfully demand that judgment be entered in their favor and against Defendants, Stewart J. Berger, P.C., Jay B. Oppenheim, Esquire and Stewart J. Berger, Esquire, jointly and severally, for compensatory damages, pre-judgment and post-judgment interest, punitive damages, costs and such other and further relief that the Court deems just and proper.

## COUNT TWO
### (Legal Malpractice – Breach of Contract as Third Party Beneficiaries)

90.   Plaintiffs repeat and reallege the allegations contained in ¶¶ 1 through 89 and Count One of the Complaint as if set forth at length herein.

91.   At all relevant times hereunder, Attorney Berger and Attorney Oppenheim acted within the scope of their employment and/or agency at Stewart J. Berger, P.C.

92.     The attorney-client relationship between the Decedent and Attorney Berger, Attorney Oppenheim, and Stewart J. Berger, P.C. constitutes a binding contract.

93.     In consideration of such contract, Stewart J. Berger, P.C., Attorney Oppenheim and Attorney Berger were required to represent the Decedent in a proper, skillful and diligent manner as attorneys.

94.     Defendants were obligated to properly represent the Decedent's interests commensurate with the skills possessed by an attorney-at-law of the State of Pennsylvania.

95.     The 1994 Will manifests the true and correct expression of the Decedent's intent.

96.     Plaintiffs were intended beneficiaries of the 1994 Will. *See Exhibit A.*

97.     Recognition of the Plaintiffs' third party beneficiary status and rights as beneficiaries is appropriate to effectuate the intentions of the Decedent.

98.     Recognition of the Plaintiffs' third party beneficiary status and rights as donee beneficiaries satisfies an obligation of the Decedent to make the intended and promised distribution of the Estate to Plaintiffs.

99.     Defendants, Stewart J. Berger, P.C., Attorney Oppenheim and Attorney Berger breached the aforementioned contract by reason of, *inter alia*, their:

    (a)     Failure to require identification of purported witnesses to the 1996 Will;

    (b)     Failure to investigate whether the signatures on the 1996 Will were authentic;

    (c)     Failure to notarize the purported 1996 Will;

    (d)     Witnessing a forged Will;

    (e)     Failure to follow their normal practice of notarizing a purported Will which disinherits beneficiaries of a previous Will;

14

    (f)      Participation in a scheme that disinherited the Plaintiffs;

    (g)     Execution of a Deposition of Subscribing Witness swearing that the Decedent executed the 1996 Will in their presence and that they thereafter subscribed their names as witnesses despite having no recollection of the Decedent or of being a witness to the Decedent's execution of the Will;

    (h)     Execution of a Deposition of Subscribing Witness for a forged Will; and

    (i)      Failure to keep proper records of executed Wills.

100.   The failure of the Defendants to represent the Decedent in a proper, skillful and diligent manner as attorneys constitutes a breach of the aforementioned contract.

101.   As a direct and proximate result of the foregoing breach of contract, the Defendants prevented probate and distribution under the intended Will.

102.   As a direct and proximate result of the foregoing. Plaintiffs, as intended third party beneficiaries, sustained damages that are preliminarily estimated to be $234,000.00.

103.   As a result of the foregoing breach of contract. of Stewart J. Berger, P.C., Attorney Oppenheim, Esquire and Attorney Berger Plaintiffs were forced into litigation with the Estate of Beatrice Sanderow and others. thereby incurring further damages.

104.   Because the Defendants' conduct was malicious, outrageous, and in reckless disregard for the Plaintiffs' rights, Defendants are liable for punitive damages.

WHEREFORE, Plaintiffs. Ari Solow and Mitchell Solow. respectfully demand that judgment be entered in their favor and against Defendants. Stewart J. Berger, P.C., Jay B. Oppenheim. Esquire and Stewart J. Berger, Esquire, jointly and severally. for compensatory damages. pre-judgment and post-judgment interest. punitive damages, costs and such other and further relief that the Court deems just and proper.

## COUNT THREE
### (Intentional Misrepresentation)

105.    Plaintiffs repeat and reallege the allegations contained in ¶¶ 1 through 104 and Counts One and Two of the Complaint, as if set forth at length herein.

106.    Defendants, Stewart J. Berger, P.C., Attorney Oppenheim, Attorney Berger, Breslow and Sanderow, made, *inter alia*, the following omissions and/or material misrepresentations to Plaintiffs, Ari Solow and Mitchell Solow:

(a)    Participation in a scheme that disinherited the Plaintiffs;

(b)    Claiming to have witnessed a forged Will made falsely, with knowledge of its falsity or recklessness as to whether it is true or false;

(c)    Execution of a Deposition of Subscribing Witness swearing that the Decedent executed the 1996 Will in their presence and that they thereafter subscribed their names as witnesses despite having no recollection of the Decedent or of being a witness to the Decedent's execution of the Will;

(d)    Execution of a Deposition of Subscribing Witness swearing that the Decedent executed the 1996 Will in their presence and that they thereafter subscribed their names as witnesses made falsely, with knowledge of its falsity or recklessness as to whether it is true or false;

(e)    Execution of a Deposition of Subscribing Witness for a forged Will made falsely, with knowledge of its falsity or recklessness as to whether it is true or false;

(f)    Representing that the Decedent executed the 1996 Will in their presence made falsely, with knowledge of its falsity or recklessness as to whether it is true or false;

16

(g)   Representing that they subscribed their names as witnesses to the purported 1996 Will made falsely, with knowledge of its falsity or recklessness as to whether it is true or false;

(h)   The Defendants failed to disclose to the Plaintiffs that the beneficiaries were plotting to disinherit them from the Decedent's Estate;

(i)   The Defendants failed to disclose to the Plaintiffs that the beneficiaries were plotting to disinherit them from the Decedent's Estate and affirmatively assisted the beneficiaries in hiding such conduct; and

(j)   The Defendants affirmatively and repeatedly misrepresented that the Decedent executed the purported 1996 Will, when it is a forgery.

107.   The foregoing material misrepresentations and fraudulent omissions were made by the Defendants with the intent to mislead others into relying upon them.

108.   The Plaintiffs justifiably relied upon the foregoing material misrepresentations and omissions to their detriment.

109.   As a direct and proximate result of the foregoing, the Defendants prevented probate and distribution under the intended Will.

110.   As a direct and proximate result of the foregoing, Plaintiffs sustained substantial damages that have preliminarily been estimated to be $234,000.00.

111.   As a direct and proximate result of the foregoing, Plaintiffs were forced into litigation with the Estate of Beatrice Sanderow and others, thereby incurring further damages.

112.   Because the Defendants' conduct was intentional, outrageous, malicious, and in reckless disregard for the Plaintiffs' rights, Defendants are liable for punitive damages.

17

WHEREFORE, Plaintiffs, Ari Solow and Mitchell Solow, respectfully demand that judgment be entered in their favor and against Defendants, Stewart J. Berger, P.C., Jay B. Oppenheim, Esquire, Stewart J. Berger, Esquire, Lynne Breslow and Barbara Sanderow, jointly and severally, for damages, plus attorney's fees, pre-judgment and post-judgment interest, punitive damages, costs and such other relief that the Court deems just and proper.

**COUNT FOUR**
**(Negligent Misrepresentation)**

113.    Plaintiffs repeat and reallege the allegations contained in ¶¶ 1 through 112 and Counts One, Two and Three of the Complaint as if set forth at length herein.

114.    Defendants, Stewart J. Berger, P.C., Attorney Oppenheim, Attorney Berger, Breslow and Sanderow, made, *inter alia*, the following omissions and/or material misrepresentations to Plaintiffs, Ari Solow and Mitchell Solow:

    (a)    Participation in a scheme that disinherited the Plaintiffs;

    (b)    Claiming to have witnessed a forged Will without a reasonable investigation of the truth of these words;

    (c)    Execution of a Deposition of Subscribing Witness swearing that the Decedent executed the 1996 Will in their presence and that they thereafter subscribed their names as witnesses despite having no recollection of the Decedent or of being a witness to the Decedent's execution of the Will;

    (d)    Execution of a Deposition of Subscribing Witness swearing that the Decedent executed the 1996 Will in their presence and that they thereafter subscribed their names as witnesses made without a reasonable investigation of the truth of these words;

(e) Execution of a Deposition of Subscribing Witness for a forged Will without a reasonable investigation of the truth of these words;

(f) Representing that the Decedent executed the 1996 Will in their presence without a reasonable investigation of the truth of these words;

(g) Representing that they subscribed their names as witnesses to the 1996 Will without a reasonable investigation of the truth of these words;

(h) The Defendants failed to disclose to the Plaintiffs that the beneficiaries were plotting to disinherit them from the Decedent's Estate;

(i) The Defendants failed to disclose to the Plaintiffs that the beneficiaries were plotting to disinherit them from the Decedent's Estate and affirmatively assisted the beneficiaries in hiding such conduct; and

(j) The Defendants affirmatively and repeatedly misrepresented that the Decedent executed the purported 1996 Will, when it is a forgery.

115. The Plaintiffs justifiably relied upon the foregoing material misrepresentations and omissions to their detriment.

116. As a direct and proximate result of the foregoing, the Defendants prevented probate and distribution under the intended Will.

117. As a direct and proximate result of the foregoing, Plaintiffs sustained substantial damages that have preliminarily been estimated to be $234,000.00.

118. As a direct and proximate result of the foregoing, Plaintiffs were forced into litigation with the Estate of Beatrice Sanderow and others, thereby incurring further damages.

119. Because the Defendants' conduct was malicious, outrageous, and in reckless disregard for the Plaintiffs' rights, Defendants are liable for punitive damages.

WHEREFORE, Plaintiffs, Ari Solow and Mitchell Solow, respectfully demand that judgment be entered in their favor and against Defendants, Stewart J. Berger, P.C., Jay B. Oppenheim, Esquire, Stewart J. Berger, Esquire, Lynne Breslow and Barbara Sanderow, jointly and severally, for damages, plus attorney's fees, pre-judgment and post-judgment interest, punitive damages, costs and such other relief that the Court deems just and proper.

## COUNT FIVE
### (Fraud)

120.   Plaintiffs repeat and reallege the allegations contained in ¶¶ 1 through 119 and Counts One, Two, Three, and Four of the Complaint as if set forth at length herein.

121.   Defendants, Stewart J. Berger, P.C., Attorney Oppenheim, Attorney Berger, Breslow and Sanderow, made, *inter alia*, the following fraudulent omissions and/or material misrepresentations to the Plaintiffs, Ari Solow and Mitchell Solow:

(a)     Participation in a scheme that disinherited the Plaintiffs;

(b)     Claiming to have witnessed a forged Will made knowingly, or in conscious ignorance of the truth, or recklessly without caring whether it be true or false;

(c)     Execution of a Deposition of Subscribing Witness swearing that the Decedent executed the 1996 Will in their presence and that they thereafter subscribed their names as witnesses despite having no recollection of the Decedent or of being a witness to the Decedent's execution of the Will;

(d)     Execution of a Deposition of Subscribing Witness swearing that the Decedent executed the 1996 Will in their presence and that they thereafter subscribed their names as witnesses made knowingly, or in conscious

ignorance of the truth, or recklessly without caring whether it be true or false;

(e)     Execution of a Deposition of Subscribing Witness for a forged Will made knowingly, or in conscious ignorance of the truth, or recklessly without caring whether it be true or false;

(f)     Representing that the Decedent executed the 1996 Will in their presence made knowingly, or in conscious ignorance of the truth, or recklessly without caring whether it be true or false;

(g)     Representing that they subscribed their names as witnesses to the purported 1996 Will made knowingly, or in conscious ignorance of the truth, or recklessly without caring whether it be true or false;

(h)     The Defendants failed to disclose to the Plaintiffs that the beneficiaries were plotting to disinherit them from the Decedent's Estate;

(i)     The Defendants failed to disclose to the Plaintiffs that the beneficiaries were plotting to disinherit them from the Decedent's Estate and affirmatively assisted the beneficiaries in hiding such conduct; and

(j)     The Defendants affirmatively and repeatedly misrepresented that the Decedent executed the purported 1996 Will, when it is a forgery.

122.    The foregoing material misrepresentations and fraudulent omissions were made by the Defendants with the intent to induce the recipients to act on them.

123.    The Plaintiffs justifiably relied upon the foregoing material misrepresentations and fraudulent omissions to their detriment.

124.   As a direct and proximate result of the foregoing fraudulent conduct, the Defendants prevented probate and distribution under the intended Will.

125.   As a direct and proximate result of the foregoing fraudulent conduct, Plaintiffs sustained substantial damages that have preliminarily been estimated to be $234,000.00.

126.   As a direct and proximate result of the foregoing fraudulent conduct, Plaintiffs were forced into litigation with the Estate of Beatrice Sanderow and others, thereby incurring further damages.

127.   Because the Defendants' conduct was intentional, outrageous, malicious, and in reckless disregard for the Plaintiffs' rights, Defendants are liable for punitive damages.

WHEREFORE, Plaintiffs, Ari Solow and Mitchell Solow, respectfully demand that judgment be entered in their favor and against Defendants, Stewart J. Berger, P.C., Jay B. Oppenheim, Esquire, Stewart J. Berger, Esquire, Lynne Breslow and Barbara Sanderow, jointly and severally, for damages, plus attorney's fees, pre-judgment and post-judgment interest, punitive damages, costs and such other relief that the Court deems just and proper.

## COUNT SIX
## (Conspiracy)

128.   Plaintiffs repeat and reallege the allegations contained in ¶¶ 1 through 127 and Counts One, Two, Three, Four, and Five of the Complaint as if set forth at length herein.

129.   Defendants, Stewart J. Berger, P.C., Attorney Oppenheim, Attorney Berger, Breslow and Sanderow, made, *inter alia*, the following fraudulent omissions and/or material misrepresentations to the Plaintiffs, Ari Solow and Mitchell Solow:

(a)   Participation in a scheme that disinherited the Plaintiffs;

(b)     Claiming to have witnessed a forged Will made knowingly, or in conscious ignorance of the truth, or recklessly without caring whether it be true or false;

(c)     Execution of a Deposition of Subscribing Witness swearing that the Decedent executed the 1996 Will in their presence and that they thereafter subscribed their names as witnesses despite having no recollection of the Decedent or of being a witness to the Decedent's execution of the Will;

(d)     Execution of a Deposition of Subscribing Witness swearing that the Decedent executed the 1996 Will in their presence and that they thereafter subscribed their names as witnesses made knowingly, or in conscious ignorance of the truth, or recklessly without caring whether it be true or false;

(e)     Execution of a Deposition of Subscribing Witness for a forged Will made knowingly, or in conscious ignorance of the truth, or recklessly without caring whether it be true or false;

(f)     Representing that the Decedent executed the 1996 Will in their presence made knowingly, or in conscious ignorance of the truth, or recklessly without caring whether it be true or false;

(g)     Representing that they subscribed their names as witnesses to the purported 1996 Will made knowingly, or in conscious ignorance of the truth, or recklessly without caring whether it be true or false;

(h)     The Defendants failed to disclose to the Plaintiffs that the beneficiaries were plotting to disinherit them from the Decedent's Estate;

(i)   The Defendants failed to disclose to the Plaintiffs that the beneficiaries were plotting to disinherit them from the Decedent's Estate and affirmatively assisted the beneficiaries in hiding such conduct; and

(j)   The Defendants affirmatively and repeatedly misrepresented that the Decedent executed the purported 1996 Will, when it is a forgery.

130.   By reason of the foregoing, the Defendants, Stewart J. Berger, P.C., Attorney Oppenheim, Attorney Berger, Breslow and Sanderow engaged in multiple overt acts in furtherance of their conspiracy to defraud Plaintiffs of their beneficial status under the 1994 Will.

131.   As a result of this conduct, the Defendants are liable for civil conspiracy.

132.   As a direct and proximate result of the foregoing, the Defendants prevented probate and distribution under the intended Will.

133.   As a direct and proximate result of the foregoing, Plaintiffs sustained substantial damages that have preliminarily been estimated to be $234,000.00.

134.   As a direct and proximate result of the foregoing, Plaintiffs were forced into litigation with the Estate of Beatrice Sanderow and others, thereby incurring further damages.

135.   Because the Defendants' conduct was intentional, malicious, outrageous, and in reckless disregard for the Plaintiffs' rights, Defendants are liable for punitive damages.

WHEREFORE, Plaintiffs, Ari Solow and Mitchell Solow, respectfully demand that judgment be entered in their favor and against Defendants, Stewart J. Berger, P.C., Jay B. Oppenheim, Esquire, Stewart J. Berger, Esquire, Lynne Breslow and Barbara Sanderow, jointly and severally, for damages, plus attorney's fees, pre-judgment and post-judgment interest, punitive damages, costs and such other relief that the Court deems just and proper.

## COUNT SEVEN
### (Tortious Interference with Inheritance)

136.     Plaintiffs repeat and reallege the allegations contained in ¶¶ 1 through 135 and Counts One, Two, Three, Four, Five, and Six of the Complaint as if set forth at length herein.

137.     The 1994 Will was a true and correct expression of the Decedent's intent.

138.     Plaintiffs were intended beneficiaries of the 1994 Will. *See Exhibit A.*

139.     Defendants, Stewart J. Berger, P.C., Attorney Oppenheim, Attorney Berger, Breslow and Sanderow, used, *inter alia*, the following fraudulent acts, omissions, misrepresentations, and/or undue influence to prevent execution of the intended 1994 Will:

(a)     Participation in a scheme that disinherited the Plaintiffs;

(b)     Claiming to have witnessed a forged Will made knowingly, or in conscious ignorance of the truth, or recklessly without caring whether it be true or false;

(c)     Execution of a Deposition of Subscribing Witness swearing that the Decedent executed the 1996 Will in their presence and that they thereafter subscribed their names as witnesses despite having no recollection of the Decedent or of being a witness to the Decedent's execution of the Will;

(d)     Execution of a Deposition of Subscribing Witness swearing that the Decedent executed the 1996 Will in their presence and that they thereafter subscribed their names as witnesses made knowingly, or in conscious ignorance of the truth, or recklessly without caring whether it be true or false;

(e)   Execution of a Deposition of Subscribing Witness for a forged Will made knowingly, or in conscious ignorance of the truth, or recklessly without caring whether it be true or false;

(f)   Representing that the Decedent executed the 1996 Will in their presence made knowingly, or in conscious ignorance of the truth, or recklessly without caring whether it be true or false;

(g)   Representing that they subscribed their names as witnesses to the purported 1996 Will made knowingly, or in conscious ignorance of the truth, or recklessly without caring whether it be true or false;

(h)   The Defendants failed to disclose to the Plaintiffs that the beneficiaries were plotting to disinherit them from the Decedent's Estate;

(i)   The Defendants failed to disclose to the Plaintiffs that the beneficiaries were plotting to disinherit them from the Decedent's Estate and affirmatively assisted the beneficiaries in hiding such conduct; and

(j)   The Defendants affirmatively and repeatedly misrepresented that the Decedent executed the purported 1996 Will, when it is a forgery.

140.   The foregoing fraudulent acts, omissions, misrepresentations, and/or undue influence successfully prevented probate and distribution of the intended 1994 Will.

141.   But for the Defendants' conduct, the 1994 Will would have been probated and the Plaintiffs would have received their intended distribution of the Estate.

142.   As a direct and proximate result of the foregoing, Plaintiffs sustained substantial damages that have preliminarily been estimated to be $234,000.00.

143.   As a direct and proximate result of the foregoing, Plaintiffs were forced into litigation with the Estate of Beatrice Sanderow and others, thereby incurring further damages.

144.   Because the Defendants' conduct was intentional, outrageous, malicious, and in reckless disregard for the Plaintiffs' rights, Defendants are liable for punitive damages.

WHEREFORE, Plaintiffs, Ari Solow and Mitchell Solow, respectfully demand that judgment be entered in their favor and against Defendants, Stewart J. Berger, P.C., Jay B. Oppenheim, Esquire, Stewart J. Berger, Esquire, Lynne Breslow and Barbara Sanderow, jointly and severally, for damages, plus attorney's fees, pre-judgment and post-judgment interest, punitive damages, costs and such other relief that the Court deems just and proper.

## JURY DEMAND

Plaintiffs Ari Solow and Mitchell Solow demand a trial by jury on all legal claims asserted in their Complaint.

FOX ROTHSCHILD LLP

By :

Timothy J. Bloh, Esquire
Christopher C. Fallon, III, Esquire
PA Attorney I.D. - 56162/203825
1301 Atlantic Avenue
Atlantic City, NJ 08401-7212
(609) 348-4515
Attorneys for Plaintiffs, Ari Solow and Mitchell Solow

Dated: June 18, 2010