```
                    IN THE UNITED STATES DISTRICT COURT
                  FOR THE EASTERN DISTRICT OF PENNSYLVANIA


ARI SOLOW and MITCHELL SOLOW      :         CIVIL ACTION
                                  :
              v.                  :
                                  :
STEWART J. BERGER, P.C.,          :
JAY B. OPPENHEIM, ESQ.,           :
STEWART J. BERGER, ESQ.,          :
LYNNE BRESLOW, and                :
BARBARA SANDEROW                  :         NO. 10-cv-2950-JF
```

MEMORANDUM

Fullam, Sr. J.                                          March 22, 2011

      Plaintiffs Ari and Mitchell Solow have brought a diversity tort action in connection with a dispute over two wills left behind by their step-grandmother, Beatrice Sanderow ("Decedent"), who died on December 19, 2007. Defendants have moved for dismissal of the case. The motions will be granted.

      According to the complaint, Decedent had executed a will in 1994 which included bequests to plaintiffs and two other step-grandchildren, the children of defendant Barbara Sanderow. The second will, prepared in 1996 by defendant attorneys Stewart Berger and Jay Oppenheim and listing Mr. Oppenheim and defendant Lynne Breslow (a former employee of the Philadelphia-based defendant law firm, Stewart J. Berger, P.C.) as subscribing witnesses, did not mention plaintiffs.

      Plaintiffs were not aware of the 1996 will until October 2007, when Ms. Sanderow informed them that the will had been found in Decedent's safe deposit box. In November 2007, after plaintiffs'

mother asked Decedent about the contents of the 1996 will, Decedent signed a writing prepared by plaintiffs' mother stating that Decedent "[did] not want [plaintiffs] to end up with nothing. . . . I believe they should all have the same."  Compl. ¶ 30.  Decedent did not prepare a new will before her death.

On January 11, 2008, after Mr. Oppenheim submitted a notarized deposition of subscribing witness, the 1996 will was admitted to probate by the Surrogate's Court in Atlantic County, New Jersey.  Suspicious of the circumstances surrounding the execution of the 1996 will, plaintiffs submitted a copy of the probated will to two handwriting and document analysts who represented to plaintiffs that the signatures of Decedent on the 1996 will were forgeries.  Plaintiffs then filed an action in the Superior Court of New Jersey challenging the probate of the 1996 will, alleging that the 1996 will was a forgery and seeking to have the 1994 will admitted to probate instead.  The case settled in May 2009, and the judgment admitting the 1996 will to probate in New Jersey retains full force and effect.

In bringing this action one year later, Plaintiffs allege that defendants "participat[ed] in a scheme that disinherited the Plaintiffs," Compl. ¶ 106, and allege that Mr. Berger and Mr. Oppenheim committed legal malpractice (based on negligence and breach-of-contract theories) by failing to draft a will that reflected Decedent's true testamentary intent as expressed in the writing Decedent signed in November 2007.  Plaintiffs further allege that all of the defendants are liable for fraudulently or

negligently misrepresenting the validity of the 1996 will, as well as for tortious interference with inheritance and civil conspiracy. Defendants argue that the case should be dismissed because the probate exception to federal subject-matter jurisdiction applies, and because plaintiffs have failed to state claims upon which relief can be granted. I agree.

The probate exception precludes federal courts sitting in diversity from exercising subject-matter jurisdiction over actions seeking to probate or annul a will, administer an estate, or assume *in rem* jurisdiction over property that is in the custody of a state probate court. Markham v. Allen, 326 U.S. 490, 494 (1946). Plaintiffs argue that the probate exception should not apply because they are suing non-beneficiaries for *in personam* damages, which they claim would not require probating or annulling either will, relying on Marshall v. Marshall, 547 U.S. 293, 311-12 (2006), in which the Supreme Court concluded that lower courts had interpreted the probate exception too broadly by applying the exception to tort actions that would not interfere with any state probate proceedings.

The plaintiffs' reliance on Marshall is misplaced, because unlike in that case, the plaintiffs here allege that defendants misrepresented the validity of the 1996 will and that Decedent's true testamentary intent is embodied in the writing she signed in November 2007 (which comports with the 1994 will). Thus, for plaintiffs to recover on any claim except for tortious interference with inheritance, discussed below, there would have to

be findings that the 1996 will is invalid and that the 1994 will is valid, effectively requiring the Court to annul the 1996 will and probate the 1994 will in contravention of New Jersey law, which prohibits collateral attacks on a probate court's judgment admitting a will to probate. See Pope v. Kingsley, 191 A.2d 33, 36 (N.J. 1963).

Furthermore, even if the probate exception did not apply to plaintiffs' claims of legal malpractice, fraud, and misrepresentation, the claims would still be dismissed for failure to state claims upon which relief could be granted.

First, under Pennsylvania law, which the parties agree governs the tort claims in this action, the lack of an attorney-client relationship between plaintiffs and defendant attorneys is fatal to their negligent legal malpractice claim. See Guy v. Liederbach, 459 A.2d 744, 750 (Pa. 1983). Second, although the Pennsylvania Supreme Court has held that certain non-client third-party beneficiaries can bring legal malpractice claims on a breach-of-contract theory, the third-party beneficiary must be named in the will that the attorney drafted pursuant to his contract with the testator. See id. at 751-52. Plaintiffs argue that they should be accorded third-party beneficiary status because the defendant attorneys' failure to draft a will accurately representing the Decedent's testamentary intent deprived them of the bequest they would have received under the 1994 will. However, because Decedent only contracted with the defendant attorneys to draft her 1996 will,

4

which did not mention plaintiffs, the fact that plaintiffs were mentioned in Decedent's 1994 will is insufficient to accord them third-party beneficiary status under the limited exception set forth in Guy.

Plaintiffs have also failed to state valid claims of fraud and misrepresentation. In order to establish a claim of fraud or misrepresentation, there must be a representation that is false. See Gibbs v. Ernst, 647 A.2d 882, 889-90 (Pa. 1994). Plaintiffs allege that defendants have falsely represented that the 1996 will is valid, but the Court cannot accept this allegation as true because the New Jersey judgment admitting the 1996 will to probate establishes the validity of the 1996 will as a matter of law, and is binding upon this Court. To the extent plaintiffs are claiming that defendants made misrepresentations to the probate court, New Jersey state court would be a more appropriate forum for asserting those claims.

As noted above, the probate exception does not deprive this Court of subject-matter jurisdiction over plaintiffs' claim of tortious interference with inheritance. See Marshall, 547 U.S. at 312. The claim must still be dismissed, however, because the plaintiffs have failed to sufficiently allege that defendants used fraud, misrepresentation, or undue influence upon the Decedent to prevent her from executing a new will, as required under Pennsylvania law. See Estate of Hollywood v. First Nat'l Bank of Palmerton, 859 A.2d 472, 477-78 (Pa. Super. Ct. 2004). Plaintiffs

allege for the first time in their memoranda opposing the motions to dismiss that defendants Mr. Oppenheim and Mr. Berger refused to assist Decedent in preparing a new will during a visit that took place after Decedent had signed the writing prepared in November 2007, but even if accepted as true, this allegation is insufficient to support an inference of conduct rising to the level of fraud, misrepresentation, or undue influence.

Because none of plaintiffs' other claims can proceed, the claim of civil conspiracy will also be dismissed, as this cause of action requires plaintiffs to sufficiently plead that defendants committed an underlying tort. See Phillips v. Selig, 959 A.2d 420, 437 (Pa. Super. Ct. 2008).

As plaintiffs' claims require a finding that the 1994 will reflects the Decedent's true testamentary intent, which is a finding precluded as a matter of law by the New Jersey judgment admitting the 1996 will to probate, or are inadequately pleaded, I conclude that any amendment of the complaint would be futile. The case will be dismissed in its entirety.

An order will be entered.

BY THE COURT:

/s/ John P. Fullam
John P. Fullam, Sr. J.